1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JESSE ARON ROSS,                              )
                                              )
                    Plaintiff,                )        Case No. 2:12-cv-0287-KJD-VCF
                                              )
vs.                                           )
                                              )        **ORDER**
NYE COUNTY SHERIFF'S OFFICE,                  )
  *et al.*,                                   )
                                              )
                    Defendants.               )
_____               )

         Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

submitted an Application to Proceed *in Forma Pauperis* (ECF No. 1) and a Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983 (ECF No. 1-2).

**A.      Application to Proceed *In Forma Pauperis* (#1)**

         Based on the information provided by Plaintiff regarding his financial status, the Court

finds that Plaintiff is unable to pre-pay the entire filing fee in this action.  *See* 28 U.S.C. § 1915(b)(1).

**B.      Screening Pursuant to 28 U.S.C. § 1915A**

         This Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from

a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its

review, the Court must identify any cognizable claims and dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be

liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by

the Constitution or laws of the United States was violated, and (2) that the alleged violation was

1    committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2              In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

3    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty

4    is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted,

5    or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

6    Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in

7    Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when

8    reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint

9    under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

10   its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured

11   by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

12             Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

13   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

14   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would

15   entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this

16   determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court

17   construes them in the light most favorable to the plaintiff.  *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957

18   (9th Cir. 1996).   Allegations of a pro se complainant are held to less stringent standards than formal

19   pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519,

20   520 (1972) (per curiam).   While the standard under Rule 12(b)(6) does not require detailed factual

21   allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v.*

22   *Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

23   is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

24             All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

25   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

26

2

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C.    Discussion**

Plaintiff claims that the defendants violated his Fourth and Fourteenth Amendment rights. More specifically, in Counts I and II, he asserts that he was unreasonably subjected to a strip search while in custody as a pre-trial detainee.  The Court finds that Plaintiff has not averred cognizable claims for relief and that his complaint must be dismissed.

On April 2, 2012, the United States Supreme Court decided the case of *Florence v. Brd of Chosen Freeholders of County of Burlington,* — S.Ct. — 2012 WL 1069092.  In that case, the Court determined that it was reasonable and not a violation of the Fourth Amendment for detention officials to require that a pre-trial detainee be subjected to strip searches in order to ensure for the safety and security of the staff and other prisoners. *Id.* at *7 citing *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees").

Because the strip searches to which plaintiff was subjected were reasonable in light of issues of institutional security, plaintiff's due process rights were not violated where the searches were imposed as the result of institution policy and procedure.

Based on the foregoing, and with good cause appearing,

**IT IS ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this Order granting *in Forma Pauperis* status shall

1  not extend to the issuance of subpoenas at government expense.

2         **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

3  Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada,

4  20% of the preceding month's deposits to Plaintiff's account (**inmate #71556**), in the months that the

5  account exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court

6  shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send

7  a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of

8  Corrections, P.O. Box 7011, Carson City, NV 89702.

9         **IT IS FURTHER ORDERED** that the Clerk of the Court shall **file** the Complaint, which

10  is **dismissed with prejudice**.  Appeal of this order would not be taken in good faith.  The Clerk shall

11  enter judgment accordingly.

12

13         Dated, this 3rd day of April, 2012.

14                                                     _____

15                                             UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26